IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| **DR. BEVERLEY M. HARRIS,** | : |
| Plaintiff, | : |
| v. | : Case No. GLS 25-1339 |
| **U.S. SECRETARY OF DEFENSE** *et al.*, | : |
| Defendants. | : |

## MEMORANDUM OPINION AND ORDER

On April 25, 2025, *pro se* Plaintiff Beverley M. Harris filed a Complaint alleging violations of her constitutional and civil rights. (ECF No. 1). Along with her Complaint, Plaintiff also filed a Motion to Proceed In Forma Pauperis. ("Motion") (ECF No. 2). For the reasons set forth below, Plaintiff's Motion will be denied, and the Complaint dismissed without prejudice.

Under the Prisoner Litigation Reform Act, a non-prisoner litigant may qualify for in forma pauperis ("IFP") status after submitting an affidavit that lists all of her assets and anticipated expenses and that substantiates her inability to pay. *See* 28 U.S.C. § 1915(a)(1). If a non-prisoner litigant is granted IFP status, then she is "excused from prepayment of filing fees." *Emrit v. Bank of Am., Inc.*, 566 F. App'x 265, 265 (4th Cir. 2014).

The Fourth Circuit has held that a court is accorded discretion in deciding whether to grant or deny IFP status. *Id.* (explaining further that a court "must base its decision on the poverty and good faith of the applicant and the meritorious character of the cause" (quotations and citations omitted)). However, "notwithstanding any portion of the filing fee paid by the plaintiff, the [court] 'shall dismiss' a case brought IFP if it determines [that] 'the allegation of poverty is untrue.'" *Id.*

(citing 28 U.S.C. § 1915(e)(2)(A)) (affirming the lower court's denial of a plaintiff's IFP motion and dismissal of the complaint without prejudice). Indeed, if the allegations of poverty are false, the suit must be dismissed. *Id.* at 265-66 (collecting cases). Moreover, "[t]he 1996 amendment to the IFP statute reinforce[s] the mandatory nature of the requirement of dismissal for false allegations of poverty." *DeBrew v. Brooks*, CT No. DJD-10-3198, 2011 WL 9933745, at *5 (E.D.N.C. July 22, 2011) (comparing 28 U.S.C. § 1915(e) "shall dismiss" with the former statute 28 U.S.C. § 1915(d) "may dismiss" language) , *aff'd*, 475 F. App'x 479 (4th Cir. 2012).

Turning to Plaintiff's Motion, it does not appear that Plaintiff is indigent and unable to pay the civil filing fee. (ECF No. 2). Indeed, Plaintiff lists her income at $4,480.00 per month. (*Id.*, p. 2). The Court thus finds that Plaintiff is not indigent and required to pay the full filing fee of $405. Accordingly, Plaintiff's Motion will be denied.

Moreover, because Plaintiff's allegations of poverty have not been established, the Complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A). *See Emrit*, 566 F. App'x at 265-66; *DeBrew*, 2011 WL 9933745, at *5. Should Plaintiff choose to do so, she may refile her Complaint along with the required $405 filing fee.

In sum, for the foregoing reasons, it is this <u>6th</u> day of May 2025 hereby **ORDERED**, that:

1. The Plaintiff's Motion to Proceed In Forma Pauperis, (ECF No. 2), is **DENIED**;
2. The Complaint is **DISMISSED** without prejudice; and
3. The Clerk of the Court is directed to close this case.

Date: May 6, 2025                                         /s/
                                                 The Honorable Gina L. Simms
                                                 United States Magistrate Judge